<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THOMAS R. PETERSON MD PC and ORTHOPEDIC SPECIALISTS OF NJ PA, | Civil Action No. 14-03818 (SRC) |
| Plaintiffs, | |
| v. | OPINION |
| CIGNA INSURANCE CO. and JULIO TERJANIAN, | |
| Defendants. | |

<u>**CHESLER**</u>, District Judge

This is a breach of contract action arising from the nonpayment of an insurance bill related to surgery performed on Defendant Julio Terjanian ("Terjanian"). The lawsuit was originally filed in the Superior Court of New Jersey and subsequently removed to this Court. Defendants' only asserted basis for subject matter jurisdiction is complete preemption pursuant to ERISA § 502(a), 29 U.S.C. § 1132(a). (Notice of Removal, at 3-4.) Plaintiffs Thomas R. Peterson MD PC and Orthopedic Specialists of NJ PA ("Peterson" and "OSNJ" and, collectively, "Plaintiffs") now move to remand. [Docket Entry 5.] The motion will be granted.

**I.**

The Complaint alleges that Terjanian sought surgical treatment from Peterson, and in the course of doing so represented that he was insured by Defendant Cigna Health and Life Insurance Co. ("Cigna"). (<u>See</u> Compl. at 2.) Cigna provided Peterson with pre-certification and authorization for Terjanian's procedure, and advised Peterson he should "submit its [sic] bill to

Cigna on the implied promise to pay a usual, reasonable customary fees [sic]." (Compl. at 2.) Cigna also provided authorization for OSNJ to "perform as an assistant surgeon" during the Terjanian procedure, and directed OSNJ to "submit its bills to Cigna on the implied promise to pay a usual, reasonable and customary fee." (See Compl. at 2.) Two days later, Plaintiffs performed the surgery on Terjanian, allegedly relying upon Cigna's representation "that it would pay Plaintiff's [sic] usual reasonable and customary fee for its medical services." (Compl. at 3.) When payment came due, however, Cigna refused to pay either Plaintiff because – unbeknownst to Plaintiffs – Terjanian's insurance coverage had been dropped after pre-certification but before surgery. (See Compl. at 2-3.)[1]

Understanding these allegations to "derive from coverage determinations made under Plaintiffs' patient's ERISA-regulated benefits plains," Cigna removed on the basis of ERISA § 502 and 28 U.S.C. §§ 1331 and 1441(a). (Notice of Removal, at 3-4.) Plaintiffs now seek to remand the case to the Superior Court of New Jersey, arguing in essence that this lawsuit is one for a breach of contract independent of the terms of any ERISA-governed plan and thus was improperly removed. (See Reply Br. at 2.) It is Cigna's burden, as removing party, to demonstrate that this action is properly before the court and that Plaintiffs' lawsuit in fact raises ERISA claims. Pascack Valley Hosp. v. Local 464A UFCW Reimbursement Plan, 388 F.3d 393, 401 (3d Cir. 2004).

## II.

As ERISA § 502(a) is the only asserted basis for federal subject matter jurisdiction in this

---

[1] Neither party indicates how Terjanian actually acquired health insurance through Cigna, the entity that provided the Cigna-administered plan to Terjanian, or why Terjanian's surgery was initially pre-certified. There is, however, some indication in Defendants' opposition papers that a "third party [sic] administrator" may have erroneously determined that Terjanian was eligible under a COBRA plan. (See Ryan Decl. ¶ 13.)

2

case, the Court can ascertain if the Complaint was properly removed or not by determining whether ERISA completely preempts Plaintiffs' state law breach of contract claim. "Complete preemption" is the legal shorthand for the proposition that any cause of action "within the scope of the civil enforcement provisions of § 502(a) [is] removable to federal court." Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004). The Third Circuit has recently reaffirmed the governing legal framework.

> ERISA's civil enforcement mechanism, § 502(a), "is one of those provisions with such extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," and permits removal. Aetna Health, 542 U.S. at 209 (quotation marks omitted). We have held that a claim is completely preempted, and thus removable, under ERISA § 502(a) only if: (1) the plaintiff could have brought the claim under § 502(a); *and* (2) no other independent legal duty supports the plaintiff's claim. Pascack, 388 F.3d at 400; see also Aetna Health, 542 U.S. at 210. Because the test is conjunctive, a state-law cause of action is completely preempted only if both of its prongs are satisfied.

N.J. Carpenters and the Trustees Thereof v. Tishman Constr. Corp., --- F.3d ----, 2014 WL 3702591, at *4 (3d Cir. 2014); see also Aetna Health, 542 U.S. at 210 ("if an individual brings suit" for denial of medical care coverage, "where the individual is entitled to such coverage only because of the terms of an ERISA-regulated . . . plan, and where no legal duty (state or federal) independent of ERISA or the plan terms is violated," the suit is "within the scope of" ERISA). Plaintiffs contend, among other things, that their claims are rooted in a legal duty independent of § 502(a), and Cigna cannot therefore satisfy this standard. This Court agrees.[2]

The terms of the Complaint dictate such a result. As the Court reads the pleadings, the "legal duty" violated here, see Aetna Health, 542 U.S. at 211, is an independent contract to pay

---

[2] Because the operative test is conjunctive, and Cigna fails the second prong, it is unnecessary to reach Cigna's argument that Plaintiffs were empowered to bring suit under ERISA by virtue of an assignment from Terjanian of rights under the plan. (Opp. Br. at 5.)

for the surgery created by Cigna's pre-certification letter, which the Plaintiffs allege is the only reason they performed the disputed surgery on Terjanian. (Compl. ¶ 13 ("Specifically [Plaintiffs] would not have performed the surgery if Cigna had not represented that it would pay Plaintiff's usual reasonable and customary fee for its medical services.").) This theory may be debatable as a matter of state contract law, as Defendants contend. (See Opp. Br. at 9 ("the September 16 [pre-certification] letter did not create a contractual relationship between Cigna and Co-Defendant [sic] Terjanian, let alone between Cigna and Plaintiffs.").) But it is the province of neither this Court nor the Defendants to define the thrust of Plaintiffs' suit, regardless of the suit's eventual merit.

Understood in this light, Plaintiffs' position is consistent with the Pascack rule, which focuses less on whether claims exist "only because" of an ERISA plan and more on whether interpretation of an ERISA plan "might form an 'essential part'" of such claims. See 388 F.3d at 402 (quoting Aetna Health, 542 U.S. at 213). This rule is grounded in the terms of ERISA's civil enforcement provision itself, which refers not to the existence of a plan as predicate to a dispute but a dispute over that plan's "terms." See 29 U.S.C. § 1132(a)(1)(B) ("A civil action may be brought . . . to recover benefits due . . . under the terms of [the] plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan."). Here, under the Complaint as drafted, it appears Plaintiffs believe they are due certain "usual and customary" fees promised to them by Cigna in a contract created at the time the surgery was pre-certified. These claims of course exist "only because" of an ERISA plan, insofar as a dispute between provider and plan administrator will only ever come into being where the recipient of medical services sought those services out by virtue of an ERISA-governed health insurance

4

plan. Cigna, however, does not suggest a cogent way in which the terms of the health plan governing its relationship with Terjanian would ever factor into an analysis of the causes of action pleaded. See Tishman Constr., 2014 WL 3702591, at *5 (focusing on "what the plaintiffs must prove to prevail" to determine whether the "legal duty" is "independent").

Moreover, this does not appear to be a case, as Cigna intimates, of a complaint artfully pleading claims which in fact duplicate or conflict with ERISA § 502(a). (See Opp. Br. at 9-10.) The two Third Circuit cases Cigna cites on this score, Pryzbowski v. U.S. Healthcare, Inc., 245 F.3d 266 (3d Cir. 2001), and Kurtek v. Capital Blue Cross, 219 F. App'x 184 (3d Cir. 2007) (non-precedential), are inapposite. Both concerned damages caused to an insured by a health insurance provider's failure to provide timely preauthorization of certain procedures. Pryzbowski, 245 F.3d at 270 (alleging defendant "negligently and carelessly delayed" in approving back surgery); Kurtek, 219 F. App'x at 185 (alleging harm would not have occurred but for defendant's delay in authorizing certain intravenous therapy). In each case, the complete preemption analysis turned on the ready availability of injunctive relief under § 502(a); according to the Third Circuit, the plaintiff in Pryzbowski could have "sought an injunction under § 502(a) to enforce the benefits to which she was entitled under the plan," 245 F.3d at 273-74, while the plaintiffs in Kurtek could have sought a similar injunction "to accelerate the approval of the procedure or could have paid for the [intravenous] therapy and then sought reimbursement." 219 F. App'x at 186. Here, in contrast, there is no ready-made ERISA analogue as a basis of comparison for Plaintiffs' contract claim, which allegedly exists only because Cigna provided the pre-approval that was absent in Pryzbowski and Kurtek. And, of course, a lawsuit focused on an insurer's decision to deny approval for treatment is "manifestly .

5

. . one regarding the proper administration of benefits" which would involve an analysis of the terms of the operative benefit plan.  See Pryzbowski, 245 F.3d at 273.  The same cannot be said here.

In short, this is a breach of contract lawsuit for customary medical fees that touches on ERISA only insofar as pre-approval for the disputed procedure was granted by an entity that administers ERISA health plans.  Plaintiffs allege that the operative legal duty is a contract that arose from the pre-approval letter, and Cigna has not carried their burden to demonstrate that such a contract claim is actually one that arises exclusively under ERISA.  Whether Plaintiffs' allegations actually yield a viable contract suit is a question for the Superior Court of New Jersey to answer.

### III.

For the foregoing reasons, the Court will grant Plaintiffs' motion to remand.  [Docket Entry 5.]  This case will be remanded to the Superior Court of New Jersey, Bergen County.  An appropriate Order follows.


    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: August 15th, 2014